■   In the Matter of GRACE FOSCO, Respondent-Appellant, v. EMPIRE COLOR LITHO, INC., et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Cross appeals from decisions of the Workmen's Compensation Board, filed February 7, 1973 and July 9, 1973, which awarded claimant death benefits and reduced an award of claimant's attorney's fee. Decedent, aged 45, was employed by Empire Color Lithographers from 1964 to April 28, 1969 as a " dot etcher ". The work required decedent to sit at an upright table and, with an artist's brush, apply a solution of potassium ferri cyanide to film in order to reduce the size of dots which might be present on the film. The record reveals that decedent normally worked from 8:30 A.M. to 3:30 P.M., but often worked unscheduled overtime; that on the day in question decedent had to be at work at 8:00 A.M.; that he phoned his wife about 3:30 P.M. and advised her that he would have to work until 8:00 P.M. Claimant testified that the deceased told her when he phoned that he was under stress and worried since he wanted the work done on time. The record further demonstrates that decedent worked until 5:15 P.M., went to dinner and when he returned at 5:40 P.M., he complained of chest pains. He was taken to a hospital where he ultimately died on May 16, 1969. Decedent had a history of hypertension and a heart murmur. His attending physician testified that decedent sustained a myocardial infarction due to the exercise and the emotion and the long working hours which increased his oxygen requirements; that because of the underlying coronary disease, combined with the fact that decedent worked with ferri cyanide solution, his body was deprived of that necessary increased oxygen. The board found that with the underlying condition which this man had, the work and overtime work made the job strenuous for him. With the added factor of exposure to ferri cyanide, the board determined that decedent had sustained an accident arising in and out of his employment which was causally related to his death. From an examination of the record in its entirety, we are of the opinion that there is substantial evidence to sustain the board's determination. (Matter of Schuren v. Wolfson, 30 N Y 2d 90; Matter of McCormick v. Green Bus Lines, 29 N Y 2d 246, 248.) We find no merit to the issue raised by claimant's attorney that the board's reduction of his fee from $5,051.30 to $3,500 was improper. (Matter of Walsh v. Sucrest Corp., 37 A D 2d 321, 323.) Decisions affirmed, with costs to the Workmen's Compensation Board against appellants filing briefs. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.